**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-1470**

———————

PAUL TARASHUK, Personal Representative of the Estate of Paul David Tarashuk Deceased,

Plaintiff - Appellee,

v.

CLIFFORD A. DOROSKI,

Defendant - Appellant,

and

JAMIE D. GIVENS; ORANGEBURG COUNTY; ORANGEBURG COUNTY EMERGENCY MEDICAL SERVICES; DANNY RIVERS; ORANGEBURG COUNTY SHERIFF'S OFFICE; LEROY RAVENELL, Individually and in his Official Capacity as the Sheriff of the Orangeburg County Sheriffs Office; SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; LEROY SMITH, Individually and in his Official Capacity as the Agency Director of the South Carolina Department of Public Safety; TOWN OF SANTEE; SANTEE POLICE DEPARTMENT; JOSEPH SERRANO, Individually and in his Official Capacity as the Chief of Police of the Town of Santee; ALISON K. B. HARMON; FRED D. RICE; BUIST M. SMITH; KEITH A. CLINE,

Defendants.

———————

**No. 22-1471**

———————

PAUL TARASHUK, Personal Representative of the Estate of Paul David Tarashuk Deceased,

Plaintiff - Appellant,

v.

BUIST M. SMITH,

Defendant - Appellee,

and

CLIFFORD A. DOROSKI; JAMIE D. GIVENS; ORANGEBURG COUNTY; ORANGEBURG COUNTY EMERGENCY MEDICAL SERVICES; DANNY RIVERS; ORANGEBURG COUNTY SHERIFF'S OFFICE; LEROY RAVENELL, Individually and in his Official Capacity as the Sheriff of the Orangeburg County Sheriffs Office; SOUTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; LEROY SMITH, Individually and in his Official Capacity as the Agency Director of the South Carolina Department of Public Safety; TOWN OF SANTEE; SANTEE POLICE DEPARTMENT; JOSEPH SERRANO, Individually and in his Official Capacity as the Chief of Police of the Town of Santee; ALISON K. B. HARMON; FRED D. RICE; KEITH A. CLINE,

Defendants.

Appeals from the United States District Court for the District of South Carolina, at Orangeburg.  J. Michelle Childs, District Judge.  (5:19-cv-02495-JMC)

Submitted:  September 29, 2023                    Decided:  October 10, 2023

Before KING, AGEE, and THACKER, Circuit Judges.

No. 22-1470 affirmed; No. 22-1471 dismissed by unpublished per curiam opinion.

**ON BRIEF:** Damon C. Wlodarczyk, RILEY, POPE & LANEY, LLC, Columbia, South Carolina, for Appellant.  Russell T. Burke, Columbia, South Carolina, Jordan C. Calloway, MCGOWAN, HOOD & FELDER, LLC, Rock Hill, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Paul Tarashuk initiated the underlying action against Deputy Clifford A. Doroski, Officer Buist M. Smith, and various other South Carolina state officials after his son, 26-year-old Paul David Tarashuk ("Decedent"), was fatally struck by a vehicle on Interstate 95 ("I-95") in South Carolina. In No. 22-1470, Doroski appeals the district court's denial of his summary judgment motion based on a qualified immunity defense to Tarashuk's 42 U.S.C. § 1983 claim for deliberate indifference. In a cross-appeal, No. 22-1471, Tarashuk appeals the district court's grant of summary judgment to Smith based on qualified immunity on Tarashuk's 42 U.S.C. § 1983 claim for bystander liability. We affirm in No. 22-1470, and dismiss for lack of jurisdiction in No. 22-1471.

Generally, denials of summary judgment are interlocutory orders not subject to appellate review. *See Williams v. Strickland*, 917 F.3d 763, 767 (4th Cir. 2019). However, denials of qualified immunity can be immediately appealed under the collateral order doctrine. *See id.* at 767-68. "A district court's denial of qualified immunity on summary judgment is reviewed de novo, applying the same legal standards as the district court did on summary judgment." *Halcomb v. Ravenell*, 992 F.3d 316, 319 (4th Cir. 2021) (internal quotation marks omitted). Our jurisdiction over such interlocutory appeals is limited to the extent the denial of qualified immunity "turns on *an issue of law*." *Hicks v. Ferreya*, 965 F.3d 302, 308 (4th Cir. 2020) (emphasis in original) (internal quotation marks omitted). Thus, we do not disturb "the district court's assessment of the record evidence" on appeal. *Id.* (internal quotation marks omitted).

3

In assessing an appeal from the denial of qualified immunity at the summary judgment stage, we first separate "the district court's legal conclusions regarding entitlement to qualified immunity," over which we have jurisdiction, "from its determinations regarding factual disputes," over which we do not have jurisdiction. *Id.* at 234. "Once the district court's decision has been so parsed, we must also examine the parties' appellate arguments to ensure that we only consider those legal questions formally raised on appeal." *Id.* at 235. This examination "is particularly important in interlocutory appeals regarding qualified immunity, because a party can so focus its appellate argument on factual disputes that it fails to raise a single legal question appropriate for appellate review." *Id.* at 235 n.8; *Johnson v. Jones*, 515 U.S. 304, 314 (1995) (recognizing jurisdictional defect in interlocutory appeal from denial of qualified immunity where reviewing court cannot "find any such separate [legal] question—one that is significantly different from the fact-related legal issues that likely underlie the plaintiff's claim on the merits" (internal quotation marks omitted)).

With respect to the underlying question, we review a district court's denial of qualified immunity de novo. *Hensley ex rel. N.C. v. Price*, 876 F.3d 573, 579 (4th Cir. 2017). In evaluating an official's qualified immunity claim, we consider two issues: (1) "whether a constitutional violation occurred," and (2) "whether the [constitutional] right violated was clearly established." *Id.* at 580 (internal quotation marks omitted). "Qualified immunity protects officers who commit constitutional violation but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Id.* (internal quotation marks omitted).

4

In No. 22-1470, Doroski argues that the district court erred by denying his motion for summary judgment on the deliberate indifference claim. Specifically, he claims that the court erred in denying him qualified immunity on the ground that Decedent was a pretrial detainee and that his constitutional right was clearly established at the time of the incident. In *Tarashuk v. Givens*, 53 F.4th 154, 164-67 (4th Cir. 2022)—a case that arose from the same facts as this appeal—we affirmed the district court's denial of qualified immunity to Jamie Givens, an Emergency Medical Technician, and Alison Harmon, a paramedic, on Tarashuk's deliberate indifference claim. Because Doroski raises the same claim and relies on the same arguments as Givens and Harmon—issues of law surrounding the second prong of the qualified immunity determination—Doroski's challenge is foreclosed by our decision in *Tarashuk*. *See Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) (noting that one panel will not overrule a decision issued by another panel). Accordingly, we affirm the district court's order in No. 22-1470.

Turning to the district court's grant of summary judgment to Smith on Tarashuk's bystander liability claim, the subject of cross-appeal No. 22-1471, we may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Tarashuk seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. *See Baird v. Palmer*, 114 F.3d 39, 43 (4th Cir. 1997) ("[T]he collateral order doctrine does not confer appellate jurisdiction over an order dismissing claims against a defendant on the basis of qualified immunity, where other claims remain pending in the district court."). Because the district

5

court has not entered final judgment in this action, we dismiss No. 22-1471 for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 22-1470, *AFFIRMED;*
No. 22-1471, *DISMISSED*
